IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISLAMIC CENTER OF IRVING §<br>   Plaintiff, §<br>§<br>v. §<br>§<br>ASIM RAHIM, FEROZ TOFAYAL, §<br>JOHN DOES 1 THROUGH 5, and §<br>CO-CONSPIRATORS DOES 1 §<br>THROUGH 5, §<br>   Defendants. § | CIVIL ACTION NO. **3:20-cv-2579** |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
MOTION FOR PRELIMINARY INJUNCTION**

NOW INTO COURT, through undersigned counsel, come:

## I. PARTIES

**Plaintiff:**

1. Plaintiff, the Islamic Center of Irving (hereinafter "ICI"), is a Texas nonprofit corporation, engaged in religious activities and also provides adult and children's education, here acting by and through its officers and directors, and which alleges:

**Defendants:**

2. Defendant, Asim Rahim, is a person of the age of majority domiciled in Dallas County who was formerly President of the Islamic Center of Irving, and who upon information and belief resides at 2500 STATE HIGHWAY 121 APT 1821, EULESS, TX 76039-6045 within this federal district and division.

3. Defendant, Feroz Tofayal, is a person of the age of majority domiciled in Dallas County who was formerly Secretary of the Islamic Center of Irving, and who upon information and belief resides at 4607 NELLORE ST, IRVING, TX 75062-5195 within this federal district and division.

4. Defendants John Does 1 through 5, are persons previously illegally acting in concert with, or who are currently assisting Defendants, and have acted, or continue to act to aid, abet, and further Defendants Rahim and Tofayal in their illegal activities, or to assist them in attempting to conceal and cover up certain recently discovered improper acts. Defendants Does 1 through 5 are jointly, severally, individually, and personally liable as Co-Conspirators of Defendants and upon information and belief are all and each of the full age of majority residing within this federal district and division.

5. Unknown Co-Conspirators here identified as Co-Conspirators Does 1 through 5, are individuals who will be identified and individually named in this lawsuit when their identities are obtained.

## II. JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1367, as this is an action brought pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. 1030, Stored Communications Act, 18 USC section 2701 et seq. ("SCA"), and the Texas Harmful Access by Computer Act & Breach of Computer Security Acts Tex. Penal Code Sec. 33.02 et seq. and Texas common law.

7. This court has supplemental jurisdiction over the attendant state law claims under the Texas Harmful Access by Computer Act & Breach of Computer Security Acts Tex. Penal Code Sec. 33.02 et seq. and Texas common law pursuant to 28 USC section 1367, as the state law claims arise from a common nucleus of operative facts, and Plaintiff's the federal and state causes of action against the Defendants are inextricably intertwined.

8. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) and (b)(2).

## III. STATEMENT OF FACTS

9.     Defendants and Does 1 through 5 are associates and/or related persons that have acted and/or are acting in concert with the Defendants to violate the rights of Plaintiff and the rights of numerous members of Plaintiff established under the Computer Fraud and Abuse Act, the Stored Communications Act, the Texas Harmful Access by Computer Act & Breach of Computer Security Act, as well as the common law of Texas.

10.     On or about October 19, 2019 ICI properly conducted an election for the Board of Directors of Islamic Center of Irving at 5:30 PM.

11.     Defendants Rahim and Tofayal stood for reelection as the president and secretary of ICI. Due to their misunderstanding of their incredible unpopularity with the rank and file members of ICI, the defendants and their allies (likely Defendants Does 1 through 5) were overwhelmingly voted out of office.

12.     Defendant, Asim Rahim was soundly defeated and ejected from the office of President of ICI by a clear and convincing majority of the votes cast.

13.     Defendant, Feroz Tofayal was soundly defeated and ejected from the office of Secretary of ICI by a clear and convincing majority of the votes cast.

14.     The election results for each office and position were publicly announced shortly after the ballots were tallied at 5:30 pm and at 6:30 pm. The new officers and Directors of ICI immediately assumed office.

15.     Defendant Rahim knew he was no longer President of ICI at approximately 7:30 pm the night of the election, October 19, 2019, after all of the election results were publicly announced.

16.     Defendant Rahim also knew at that time that he did not hold any office or position allowing him authorized access to the ICI computer systems.

17. Defendant Tofayal knew he was no longer Secretary of ICI at approximately 7:30 pm the night of the election, October 19, 2019, after all of the election results were publicly announced.

18. Defendant Tofayal also knew at that time that he did not hold any office or position allowing him authorized access to the ICI computer systems.

19. On or about October 21, 2019, individuals using Defendants email addresses and the email addresses of individuals known to associate with Defendants, began accessing ICI's computer system without authorization from the officers or Board of Directors of ICI.

20. Defendants, or persons acting in concert with them, identified hereinabove as Does 1 through 5, began conducting activities that they, and each of them, knew they had no authority or legal right to conduct, including, but not limited to accessing, using, changing, deleting, downloading, possessing, and retaining internal ICI computer files.

21. Defendants and each of them and the unstated co-conspirators knew as of 7:30 PM with the announcement of the election results that they no longer had any authority to access, copy, delete, download, move, or remove any files from the ICI computer system.

22. Plaintiff's new officers and directors were unaware on the date of the election that Defendants working in concert with each other were planning to conduct, and three days later did conduct, a massive exfiltration of over 24,000 electronically stored documents and emails after they knew and unquestionably understood they had no legal or customary authorized right of access.

23. Nevertheless, despite full knowledge that they had no right or authority to do so, Defendants individually and in conspiracy with Does 1 through 5 accessed Plaintiff's computer system and its stored communications. Defendants, alone and/or in concert with unnamed co-

conspirators Does 1 through 5, began to systematically copy, transfer, and then subsequently delete from Plaintiff's computer system over 24,000 emails and other documents.

24. After taking office, Plaintiff's new officers and directors discovered the unauthorized and secret access by the prior officers and Defendants, together and/or in conspiracy with Does 1 through 5, to create, copy, obtain, remove, delete, and transfer from Plaintiff's computer system numerous audio and video recordings, among many other files, of ICI members without their knowledge or permission.

25. The actions of the Defendants and those persons acting in concert with them, identified hereinabove as Does 1 through 5, were in clear violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. Sec 1030 et seq. and the Texas Harmful Access by Computer Act & Breach of Computer Security Acts, Tex. Penal Code Sec. 33.02 et seq.

26. The new officers and board of directors eventually learned of the Defendants' illegal accessing, creating, copying, obtaining, removing, deleting, and transferring of computer files from Plaintiff's computer system when they discovered that numerous emails and other communications reasonably expected to exist on ICI's computer system no longer existed and were inexplicably missing.

27. Further, the new officers and board of directors eventually learned of the Defendants' illegal access of the Plaintiff's bank accounts only after beginning an audit of the bank accounts and discovering that numerous emails and other communications relating to banking matters reasonably expected to exist on Plaintiff's computer system no longer existed and were inexplicably missing.

28. Plaintiff's investigation into the breaches and improper access creating, copying, obtaining, removing, deleting, and transferring of documents and files on its computer system is ongoing.

29. Plaintiff engaged the law firm of Bennett Injury Law to assist in the investigation of the illegal access creating, copying, obtaining, removing, deleting, and transferring of computer files.

30. Multiple members of ICI have volunteered their time and expertise in attempting to locate the data logs, meta-data, and communications logs pertaining to the illegal access. Thus far they have identified at least 24,000+ files that were created, copied, obtained, removed, deleted, and transferred by Defendants' illegal access. In doing so, Plaintiff and its agents have worked diligently in concert with Google and other computer storage and/or forensic experts to assist in the investigation to ascertain and assess the scope and extent of the unauthorized illegal access creating, copying, obtaining, removing, deleting, and transferring of ICI computer files and systems information.

31. To date, Plaintiff ICI has incurred more than $5,000.00 in costs and expenses and will continue to accrue more expenses.

## IV. CAUSES OF ACTION

**Count I. Relief Under 18 U.S.C. Sec. 2701 The Stored Communications Act (Against All Defendants)**

32. Plaintiff incorporates the allegations in the prior Paragraphs as if fully set forth herein.

33. Under 18 U.S.C. § 2701(a)(1), whoever "intentionally accesses without authorization a facility through which an electronic communication service is provided … and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section." 18 U.S.C. Sec. 2701(a)(1).

34. The punishment provided for in 18 U.S.C. Sec. 2701(b) is as follows: "[I]f the offense *[under subsection (a)]* is committed for purposes of commercial advantage, malicious destruction or damage, or private commercial gain *[the punishment is]*—(A) a fine under this title or

imprisonment for not more than one year, or both, in the case of a first offense under this subparagraph; and (B) a fine under this title or imprisonment for not more than two years, or both, for any subsequent offense under this subparagraph." 18 U.S.C. Sec. 2701(b).

35. The Act also provides that any "person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity which engaged in that violation such relief as may be appropriate." 18 U.S.C. Sec. 2707(a).

36. Under the Act, appropriate relief includes preliminary and other equitable relief, damages, and reasonable attorney's fees and other litigation costs. 18 U.S.C. Sec. 2707(a). The Act further provides that damages include actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation and that in no case shall a person be entitled to recover or receive less than the sum of $1,000. 18 U.S.C. Sec. 2707(c).

37. The Act also provides that if the violation is willful or intentional, punitive damages may be assessed. 18 U.S.C. Sec. 2707(c).

38. Defendants individually or in concert with named co-conspirators Does 1 through 5, violated the Stored Communications Act when, without authorization, they accessed, created, copied, obtained, removed, deleted, and/or transferred files and video recordings of numerous members of Plaintiff ICI stored on Plaintiff's computer system.

39. Defendants individually or in concert with named co-conspirators Does 1 through 5 knew by 7:30 pm on the date of the election, October 19, 2019, that they had no authorization, right, or authority to access the Plaintiff's facilities which contained electronic communications or to access Plaintiff's computer system.

40. In the alternative, Defendants individually or in concert with named co-conspirators Does 1 through 5 knew by 7:30 pm on the date of the election, October 19, 2019, that creating, copying, obtaining, removing, deleting, and transferring of ICI computer files and systems information exceeded their authority to access Plaintiff's computer system.

41. Defendants individually or in concert with a named co-conspirators Does 1 through 5 knew by 7:30 pm on the date of the election intentionally exceeded any authorization they may have previously had and thereby obtained, altered, or prevented authorized access to a wire or electronic communication while in electronic storage on plaintiff's system.

42. Defendants violated the Stored Communications Act, entitling Plaintiff to damages, including but not limited to statutory minimum damages of $1,000.00 per document or file for each of the 24,000 documents that were illegally obtained, accessed, copied, deleted, or otherwise manipulated to prevent Plaintiff ICI's authorized access to stored wire and electronic communications in storage on Plaintiffs system. Plaintiff's damages also include attorney's fees, consequential damages in excess of the statutory minimum of $1,000.00 per ICI member as persons whose communications were accessed without authorization, and such punitive damages as the jury determines necessary to properly punish the Defendants and deter such improper activities in the future.

43. Defendants actions were willful entitling Plaintiffs to an award of full economic damages, losses, punitive damages, attorney's fees and costs.

**Count II. Relief Under Computer Fraud And Abuse Act Under 18 U.S.C. Sec. 1030.**
**(Against All Defendants)**

44. Plaintiff incorporates the allegations in the prior Paragraphs as if fully set forth herein.

45. Under 18 U.S.C. § 1030(a)(2) Whoever - "intentionally accesses a computer without authorization . . . and thereby obtains- (C) information from any protected computer" "shall be punished as provided in subsection (c) of this section."

46. Under 18 U.S.C. § 1030(4) Whoever- knowingly and with intent to defraud, accesses a protected computer without authorization, . . . and by means of such conduct furthers the intended fraud and obtains anything of value,. . .  and the value of such use is not more than $5,000 . . ." "shall be punished as provided in subsection (c) of this section."

47. Under 18 U.S.C. § 1030(6)(A) Whoever- "intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss. . . . if— . . . affects interstate or foreign commerce." "shall be punished as provided in subsection (c) of this section."

48. The punishment provided for in 18 U.S.C § 1030(c)(2)(a) is as follows: "a fine under this title or imprisonment for not more than five 5 years, or both, in the case of an offense under subsection (a)(2), or an attempt to commit an offense punishable under this subparagraph, if—(i) the offense was committed for purposes of commercial advantage or private financial gain; (ii) the offense was committed in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or of any State; or (iii) the value of the information obtained exceeds $5,000."

49. 18 U.S.C § 1030(e) states that: (1) the term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device;

50. 18 U.S.C § 1030(e) states: (2) the term "protected computer" means a computer- (B) which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States;

51. 18 U.S.C § 1030(g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.

52. Plaintiffs are entitled to and seek recovery of all actual and consequential damages and exemplary damages, attorney's fees and costs as allowed by the federal laws and treaties of the United States and the laws of the state of Texas.

### Count III. Pendent Jurisdiction Over Civil Practice And Remedies Code § 143 Harmful Access By Computer – (Against All Defendants)

53. Plaintiff incorporates the allegations in the prior Paragraphs as if fully set forth herein.

54. Texas Civil Practice and Remedies Code § 143.001(a) states "A person who is injured or whose property has been injured as a result of a violation under Chapter 33, Penal Code, has a civil cause of action if the conduct constituting the violation was committed knowingly or intentionally."

55. Under Tex. Pen. Code 33.02(a) A person commits an offense if the person knowingly accesses a computer, computer network, or computer system without the effective consent of the owner."

56. Under Tex. Pen. Code 33.01(1) "Access" means to approach, instruct, communicate with, store data in, retrieve or intercept data from, alter data or computer software in, or otherwise make use of any resource of a computer, computer network, computer program, or computer system.

57. Under Tex. Pen. Code 33.01(12) "'Effective consent' includes consent by a person legally authorized to act for the owner. Consent is not effective if: (E) used for a purpose other than that for which the consent was given."

58. Civ. P. Rem. Code § 143.002 states "A person who establishes a cause of action under this chapter is entitled to: (1) actual damages; and (2) reasonable attorney's fees and costs."

59. Defendants individually or in concert with named co-conspirators Does 1 through 5 knowingly and intentionally accessed Plaintiff's computer, computer network, or computer system without the effective consent of Plaintiff.

60. Plaintiff is entitled to and seek recovery of all actual damages, attorney's fees and costs.

**Count IV. Breach Of Fiduciary Duty: Accounting Against Individual Defendants**

61. Plaintiff incorporates the allegations in the prior Paragraphs as if fully set forth herein.

62. As officers and directors of Plaintiff, the individual Defendants owed certain fiduciary duties to Plaintiff, including the duties of good faith, loyalty, confidence and trust, and had an obligation to act at all times in Plaintiff's best interest.

63. By virtue of these fiduciary duties, the individual Defendants were and remain prohibited from acting in a disloyal manner or in any other way or manner inconsistent with the confidence and trust their previous offices as officers and directors of Plaintiff required.

64. The individual Defendants acted in a manner inconsistent with their duty to exercise good faith and loyalty in the performance of their duties to Plaintiff and the members of Plaintiff's community.

65. The defendants were required to treat Plaintiff's private and confidential information, communications, email, and data as the property of Plaintiff, and not to disclose such information to any third parties, or to use such information for themselves or their personal profit or benefit.

66. Notwithstanding their fiduciary obligations and duties to ICI, and in violation of the offices of trust and confidence previously enjoyed by them and after having been voted out of office there by knowing that their access to Plaintiff's computer system had been terminated or severely restricted compared to their previous office, Defendants engaged in disloyal and hostile conduct including without limitation disclosing, misappropriating, stealing, pirating, taking, copying, reproducing, converting, or memorizing plaintiffs confidential information for their own personal benefit; and using bad information to act against plaintiffs interest into its detriment.

67. As a direct result of the individual defendants' intentional breaches of fiduciary duties to Plaintiff, Plaintiff has suffered and will continue to suffer irreparable harm and economic damage as it attempts to reconstruct and re-populate its computer system, emails and data.

68. Plaintiff has no adequate remedy at law and monetary damages are insufficient to address and repair the injury plaintive has suffered and will continue to suffer.

69. By reason of the foregoing, Plaintiff is entitled to an accounting by the individual Defendants of the numbers, location, and content of the emails, communications, and data Defendants obtained in breach of their fiduciary duty, as well as compensatory damages and punitive damages in an amount to be determined at trial.

### Count V. Aiding And Abetting Breach Of Fiduciary Duty/Duty Of Loyalty, Monetary Damages

70. Plaintiff incorporates the allegations in the prior Paragraphs as if fully set forth herein.

71. The individual defendants breached their respective fiduciary duties to plaintiff including without limitation the duties of good faith, loyalty, confidence and trust.

72. At all relevant times, certain currently unknown co-conspirators listed here as JOHN does 1-5 were aware or should have been aware that Defendants were engaging in activities that would

constitute a breach of Defendants' fiduciary duties to Plaintiff including without limitation, the duties of good faith, confidence, loyalty, and trustworthiness.

73. At all relevant times Jon Does 1-5 knowingly and willfully participated in, assisted, and enabled the individual Defendants in breaching their fiduciary duties to Plaintiff and the members of Plaintiff's community, including without limitation, breaching the duties of good faith, confidence, loyalty, and trust by affirmatively and actively assisting in and helping the Defendants to conceal the misappropriation, copying, deletion, transfer, or concealment of Plaintiff's confidential and private information.

### Count VI. Conspiracy. (Against All Defendants)

74. Plaintiff incorporates the allegations in the prior Paragraphs as if fully set forth herein.

75. Defendants actions amount to a Conspiracy to deprive Plaintiffs of the benefit of their bargain by diversion of the funds that should have been allocated to Plaintiffs.

76. Defendants conspiracy benefited Defendants by using funds which should have been set aside, allocated, and ready for transfer to Plaintiff to and for such purposes as benefited the Defendants individually.

77. The effect of the conspiracy has led to Plaintiff suffering extensive injury and damages as a proximate result of the Defendants wrongful acts. Plaintiffs seek the recovery of all actual and consequential damages and exemplary damages as allowed by the federal laws and treaties of the United States and the laws of the state of Texas, but not less that U.S. $7,500,000.00.

### **PRELIMINARY INJUNCTION**

78. Plaintiff seeks to enjoin defendants and their agents and representatives from accessing Plaintiff's bank accounts or computer system and from retaining or transferring any copies of the files or information taken from Plaintiff's bank accounts or computer system. Further Plaintiff

seeks Defendants return all electronic data and passwords belonging to Plaintiff that is in Defendants' possession.

79. Plaintiff will likely suffer irreparable injury if the Court does not enjoin Defendant from the above activities because they will interfere with Plaintiff serving the community and performing the necessary services they provide.

80. There is no adequate remedy at law because, if data is retained or transferred, there may be no way for Plaintiff or the Court to determine the extent to which Defendants have done so.

81. There is substantial likelihood that Plaintiff will prevail on the merits because Defendants, alone and/or in concert with unnamed co-conspirators Does 1 through 5, systematically copied, transferred, and then subsequently deleted from Plaintiff's computer system over 24,000 emails and other documents after they were notified of their loss of the election on October 19, 2019.

82. Defendant will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction.

83. Issuance of a preliminary injunction would not adversely affect the public interest.

84. Plaintiff is willing to post a bond in the amount the Court deems appropriate.

85. Plaintiff asks the Court to set this request for preliminary injunction for hearing at the earliest possible time.

## DAMAGES

86. Plaintiff seeks the following damages from Defendants:

    a. Actual, economic, consequential, and punitive damages;

    b. Statutory damages;

    c. Attorney's fees;

    d. Disgorgement of Defendants illegal revenues and profits.

  e. Prejudgment and postjudgment interest at the highest allowable rate.

  f. All costs of suit.

  g. All other further relief in law and equity.

### JURY DEMAND

87. Plaintiff hereby demands trial by jury on all issues so triable as a matter of right.

### PRAYER

For these reasons, Plaintiff asks for judgment against Defendants jointly and severally for the damages listed above and for all further relief in law and at equity that the Court deems appropriate.

Respectfully Submitted,

**BENNETT INJURY LAW**

*/s/ Charles A. Bennett*
**CHARLES A. BENNETT**
Texas State Bar No. 24086454
cbennett@bennettinjurylaw.com
**RICHARD FAULKNER, of Counsel**
rfaulkner@faulkneradrlaw.com
Louisiana State Bar No. 05470
12770 Coit Rd., Ste. 720
Dallas, Texas 75251
(972) 972-4969
(469) 754-0088 fax
**ATTORNEY FOR PLAINTIFF**